James M. Dowd, Judge,
dissenting.
Introduction
I respectfully dissent because I believe that the trial - court’s award of attorney’s fees in this case constitutes an abuse of discretion. .
*879 I agree with the. majority opinion that the trial court has considerable discretion pursuant to § 452.355.1 on the issue of attorney’s fees -in domestic relations cases. That discretion, however, has been statutorily eliminated when relocation is the issue as long as the opposition to the relocation request has been made in good faith as the trial court found to be the case here. See § 452.377.13.
I also agree with the majority opinion that in cases where a relocation request is litigated and other un-related issues are litigated as well, the trial court has discretion to segregate out the litigated matters on which attorney’s fees may be awarded from those on which attorney’s fees are not allowed such as the relocation issue present here.
My divergence from the majority opinion arises out of the specific circumstances of this ease where the trial court denied Respondent’s attorney’s fees request’ at trial but then granted a subsequent request based on the attorney’s fees generated in connection with Appellant’s appeal of the judgment to this Court. I do'not believe that this record contains a sufficient change in circumstances between the time of the trial court’s original judgment and the time of its attorney’s fees award before us now.
The -parties’ legal positions before the trial court and on appeal were the same. Appellant, though unsuccessful before the trial court, appears to have simply reiterated his legal positions in his appeal to this Court. Moreover, the parties stipulated that their economic circumstances were unchanged between the time of the trial court’s judgment denying Respondent’s attorney’s fees request and the time the trial court granted Respondent’s request for attorney’s fees for the appeal. It is significant that the trial court did not amend its finding that Appellant’s opposition- to relocation was in good faith.
, It appears that the only arguably changed circumstances that occurred after the trial court denied Respondent’s initial attorney’s fees request is that Appellant filed an appeal, I do not believe that the mere filing of an appeal in and of itself should justify the award of attorney’s fees by a trial court that when faced with the trial of those same issues, denied the attorney’s fees request.
The majority states that the legal merits of Appellant’s case were different on appeal than before the trial court and that that represents a sufficient change in circumstances to justify the award of appellate attorney’s fees, I disagree. Certainly, § 452.355.1 allows the trial court to consider the “merits of the case” in its attorney’s fees determination. Presumably, the trial court considered the merits of each side’s arguments when it refused to award attorney’s fees for the trial court litigation. And since each side’s arguments on appeal varied little from their arguments at trial, it does not appear that the “merits” of Appellant’s arguments were appreciably different.
It should be noted that thé trial court’s award was issued on July 28, 2014, which was before both this Court’s and the Supreme Court’s decisions ’ in this case. Thus, the trial court did not know which party had prevailed. So in determining whether the trial court properly exercised its discretion in this case, we are limited to the record before' the trial court which does not include this Court’s decision in favor of Appellant or the Supreme Court’s final decision in this case in favor of Respondent. Pasternak v. Pasternak, ED100439, 2014 WL 4084862 (Mo.App. E.D. Aug. 19, 2014); Pasternak v. Pasternak, 467 S.W.3d 264 (Mo. banc 2015). The majority’s reliance, on the Supreme Court’s *880 decision is not warranted since that decision was not before the trial court.
Finally, absent a sufficient change in circumstances, which I do not believe to be present here, the trial court’s decisions denying attorney’s fees at trial but granting them for the appeal are inconsistent. See Orth v. Orth, 637 S.W.2d 201, 207 (Mo.App.E.D. 1982). In Orth, this Court found the trial court’s denial of attorney’s fees for an appeal to be inconsistent with the prior award of attorney’s fees for trial because the parties’ circumstances had not changed. Id.
I would reverse the trial court’s award of attorney’s fees in this case.